**Electronically Filed
Intermediate Court of Appeals
30068
27-FEB-2013
07:52 AM**

NO. 30068

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HOLUALOA ALOHA, LLC, an Arizona limited
liability company, Plaintiff-Appellee,
v.
ANEKONA ALOHA, LLC, a Hawaii limited
liability company, BRIAN A. ANDERSON;
and JOAN ANDERSON, Defendants-Appellees,
and
DOE ENTITIES, 1-10, Defendants,
and
BRIAN A ANDERSON, Trustee for the Brian A. Anderson
Revocable Living Trust, dated September 18, 2001;
BRIAN A. ANDERSON, Trustee of the Brian A. Anderson
Revocable Living Trust; JOAN G. ANDERSON, Trustee of
the Joan G. Anderson Revocable Living Trust, dated
September 18, 2001; and JOAN G. ANDERSON, Trustee of
the Joan G. Anderson Revocable Living Trust,
Garnishees-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0474)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Garnishees-Appellants Brian A. Anderson, Trustee of the
Brian A. Anderson Revocable Living Trust, dated September 18,
2001; Brian A. Anderson, Trustee of the Brian A. Anderson
Revocable Living Trust; Joan G. Anderson, Trustee of the Joan G.
Anderson Revocable Living Trust, dated September 18, 2001; and
Joan G. Anderson, Trustee of the Joan G. Anderson Revocable
Living Trust[1] (collectively, "the Andersons" or "the Trustees")
appeal from the Order on the Motion for Issuance of Judgment
Against Garnishees, filed August 19, 2009 ("Garnishee Order"),

_____

[1]     The trusts are referred to collectively as "the Revocable Trusts."

and the Final Judgment Against Garnishees, filed August 19, 2009 ("Judgment"), in the Circuit Court of the First Circuit ("Circuit Court").[2/]  The Judgment was entered in favor of Plaintiff-Appellee Holualoa Aloha, LLC ("Holualoa") and against the Andersons in their capacities as trustees.

On appeal, the Andersons contend that the Circuit Court erred (1) by compelling the revocation of the Revocable Trusts; (2) by garnishing the Revocable Trusts before all other traditional methods of enforcement had been exhausted; and (3) by entering its judgment against the Andersons without first conducting an evidentiary hearing on the issue of liability.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Andersons' contentions as follows:

(1) The Andersons contend that "the Circuit Court . . . could not compel the Trustees to revoke the trust[s], which is precisely how its garnishee order and judgment *appear to function*." (Emphasis added.)  The Andersons conclude that because the Garnishee Order and the Judgment "appear to allow Appellee to . . . reach [the Trusts'] corpus," the effect is to "judicially revok[e] . . . the Trusts[.]"  They offer, however, no argument in support of nor an explanation for that conclusion.

Revocation, in fact, appears to be a non-issue in this case.  "A man can not put his own property beyond the reach of creditors and at the same time reserve substantial interests or control over it." *Cooke Trust Co. v. Lord*, 41 Haw. 198, 202 (Haw. Terr. 1955) (quoting Erin N. Griswold, *Spendthrift Trusts Created in Whole or In Part for the Benefit of the Settlor*, 44 Harv. L. Rev. 203, 208 (1930)) (internal quotation marks omitted).  Under Hawaiʻi law, where the settlor creates a trust where the trustee has absolute discretion to pay the settlor (among others), the settlor's creditors "can reach his interest, and can compel the trustee to pay over so much as in his discretion he is authorized to pay to the settlor." *Id.* at 205

---

[2/]     The Honorable Eden Elizabeth Hifo presided.

(quoting 1 Austin Wakeman Scott, *The Law of Trusts* § 156.2, at 782 (1939)) (internal quotation marks omitted). Furthermore, "when a beneficiary of a spendthrift trust is also the settlor of that trust, creditors may reach both income and corpus in satisfaction of either prior or subsequent debts." *Altman v. Comm'r*, 83 B.R. 35, 37 (D. Haw. 1988) (citing *Cooke*, 41 Haw. at 198).

Here, Joan G. Anderson and Brian A. Anderson were both the settlors and trustees of their respective trusts. They could either direct the trustee on how to dispose of the trust estate or allow the trustee to use his or her discretion to dispose of it for the benefit of the settlor or his or her spouse or dependent children. No limit is placed on the amount that either settlor could receive from their respective trusts. Thus, the Andersons either maintained absolute control over distribution, or were the potential beneficiaries, of the entire corpus of their respective trusts. Furthermore, while the terms of the Revocable Trusts include spendthrift provisions, the Andersons are both settlors and beneficiaries of their respective trusts.

The Andersons present no evidence that the Circuit Court's Garnishee Order or Judgment would revoke the Revocable Trusts or cause them to be revoked. Irrespective of that, the Circuit Court's Garnishee Order and Judgment allowed Holualoa to reach the settlors' assets in the Revocable Trusts in accordance with Hawaiʻi law. *See Cooke*, 41 Haw. at 198. In so doing, the court did not err.

(2) The Andersons contend that "[t]he record on appeal . . . fails to demonstrate that Appellee's garnishment of the Trusts was a last resort remedy or that it had exhausted traditional enforcement methods." While conceding that Hawaiʻi law has long recognized that spendthrift trusts could be subject to garnishment by creditors "in certain circumstances," the Andersons' recommend that this court "should observe . . . reasonable limits" on the practice, such as those adopted by the Florida Supreme Court in *Bacardi v. White*, 463 So. 2d 218 (Fla. 1985).

We hesitate to impose restrictions on long-standing Hawai'i law on the basis of a single out-of-state case where the debtor was not the settlor of the trust, but rather only a beneficiary. *Bacardi*, 463 So. 2d at 220-23 (establishing a limited right of enforcement, "allow[able] only as a last resort[,]" to recover alimony from a debtor-beneficiary who was not the settlor of the trust). Hawai'i law does not require that garnishment be a "last resort remedy" or that Holualoa had to have first "exhausted traditional enforcement methods."

(3) The Andersons contend that the Circuit Court erred by entering the Judgment against them as garnishees-trustees without first conducting an evidentiary hearing. They argue that the disclosures they filed satisfied the requirements of Hawaii Revised Statutes ("HRS") Chapter 652, and that, therefore, they were entitled to an evidentiary hearing regarding their liability to Holualoa. We disagree.

The Andersons were judgment-debtors to Holualoa, and settlors and beneficiaries under the Revocable Trusts with unlimited power to distribute or receive trust assets and income. As such, Holualoa is entitled to reach both the income and the corpus of the Revocable Trusts in satisfaction of the Andersons' debt. *Altman*, 83 B.R. at 37.

Under the circumstances of this case, when the liability between plaintiff and defendant is already established, where the asset is a Revocable Trust under which the defendant is the beneficiary, and where the garnishee is also the defendant/beneficiary, a hearing is sufficient to establish a creditor's right as against the garnishee and to satisfy any requirement for a "trial" referenced in HRS §652-8 (1993).

The Andersons, as garnishees, were afforded the opportunity at and before the July 24, 2009 hearing on Holualoa's motion for issuance of judgment to offer any defense they had to the motion. The Andersons contended via written disclosures that the Revocable Trusts held nothing belonging to them, as judgment-debtors. A disclosure alone, however, is insufficient to defeat a motion for judgment. *See* HAW. REV. STAT. § 652-8.

At the hearing, the Andersons' counsel contended that "the trust beneficiaries are not the Andersons, but they're, in fact, their sons[.]" The Circuit Court, however, correctly concluded that the terms of the Revocable Trusts established to the contrary. The Andersons raised no other argument below and did not proffer any evidence at the hearing. They never requested, or objected to the lack of, an additional evidentiary proceeding.

On appeal, the Andersons raise the additional contention that "they would have presented evidence that at least some of the property in the Trusts was subject to other controlling legal documents, . . . and that one of the primary purposes of the Trusts . . . was to allow the passing of the family ranch to the settlors' sons[.]" The second of those arguments is irrelevant to Holualoa's entitlement to reach the Trust assets. The Andersons did not raise their first contention or proffer any evidence that would support it in the Circuit Court, and therefore that contention was waived. *Hawaii Ventures, LLC v. Otaka, Inc.*, 114 Hawaiʻi 438, 500-01, 164 P.3d 696, 758-59 (2007).

Therefore, the Order on the Motion for Issuance of Judgment Against Garnishees, filed August 19, 2009, and the Final Judgment Against Garnishees, filed August 19, 2009, are affirmed.

DATED: Honolulu, Hawaiʻi, February 27, 2013.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Benjamin R. Brower, and
Richard L. Holcomb
(Dubin Law Offices)
for Garnishees-Appellants.

Sharon V. Lovejoy,
Trevor A. Brown, and
Shyla P.Y. Cockett
(Starn, O'Toole, Marcus & Fisher)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5